## FILOMENA DELLA VECCHIO
*vs.*
## WILLIAM FAUGNO

Superior Court          New Haven County          File No. 59980

MEMORANDUM FILED MARCH 31, 1941.

*Edward S. Snyder,* of New Haven, for the Plaintiff.
*Louis Shafer,* of New Haven, for the Defendant.

BALDWIN, J.  This plaintiff claims to have fallen on the 27th day of February, 1940, about 3 o'clock in the afternoon, in a passway leading from the sidewalk to the entrance to a tenement of the defendant's where she was going to call on a tenant.  This passway accommodated two of the families living in this house and was also a means of ingress and egress to and from a six-car garage at the rear of the house.

During the week preceding, the temperature had been, for the most part of the time, below freezing, and there had been a fall of some rain or snow each day except on the 26th, which was clear, and there was an accumulation of snow and ice in this passway and it was slippery and dangerous to walk over. There was evidence that this condition had existed for a long period of time.  Snow was falling at the time and about a half-inch of snow covered the existing icy condition in this passway upon which no sand or other substance to make walking safe had been used.

Plaintiff slipped and fell, she claims, upon her buttocks and the back of her head, injuring her at the base of the spine, the entire length of her back and the back of her head.

One week after, on March 5, 1940, she consulted Dr. DelGiudice at his office, who examined her.  He testified that he found no swelling, no sprain and no strain and no abrasion or contusion and no discoloration anywhere upon her person; that all he found was an area of tenderness over the base of the spine about two inches in diameter; that he treated her at his office until June 30, 1940, in all 24 times, and that he could find no reasonable cause for her complaints and that he got rid of her as a patient because of his time she was taking for which he was getting no pay.   He brought into court two cards which he claimed was a record of her calls at his office and his treatments of her and made at the time of each call.   These records showed calls on 24 dates, the last being June 30, 1940.   These cards and the penciled entries thereon very definitely showed that the entries were all made at one time and not over a period of four months as claimed.

With evidence of this character the court is left in a difficult situation to assess damages.  That the plaintiff fell and that her fall was caused by the slippery condition that the defendant

had negligently allowed to exist, I have no doubt. She probably got somewhat shaken and some soreness as a result of her fall, but the evidence and my observation of her during the two days the case was on trial, leads me to the conclusion that her injuries were of a rather minor character. Two hundred dollars, which is awarded to the plaintiff, is reasonable and adequate compensation for her damages.

Judgment may enter in accordance herewith.